# Exhibit H

𝔙irginia:
In the Circuit Court of the City of Richmond, John Marshall Courts Building

| | |
|---|---|
| OMARI FAULKNER FOR VIRGINIA, ) <br> OMARI FAULKNER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> VIRGINIA DEPARTMENT OF ELECTIONS, ) <br> VIRGNIS STATE BOARD OF ELECTIONS, ) <br> ROBERT H. BRINK, ) <br> JOHN O'BANNON, ) <br> JAMILAH D. LECRUISE, ) <br> CHRISTOPHER E. PIPER, ) <br> JESSICA BOWMAN, ) <br> THE REPUBLICAN PARTY OF VIRGINIA ) <br> JACK R. WILSON ) <br> ) <br> Defendants. ) | Case No.: CL 20-1456 |

## ORDER

On March 25, 2020, the parties appeared, represented by Counsel via telephone conference, on Plaintiff's Emergency Motion for Preliminary Injunction. The Republican Party of Virginia and the Commonwealth Defendants have taken no position on the relief sought in the preliminary injunction. However, Gade for Virginia, Inc. filed a Motion for Intervention, which was granted, and they also filed a response opposing the relief sought in the preliminary injunction.

In Virginia, in order for a Court to grant a preliminary injunction, the party seeking the injunction must establish they would "suffer irreparable harm without the injunction, and that the party has no adequate remedy at al." *May v. R.A. Yancey Lumber Corp.*, 297 Va. 1, 17-18 (2019). Beyond this showing, "granting or denying a temporary injunction is a discretionary act arising from the court's equitable powers." *Id.* Accordingly, courts across the Commonwealth have applied a balancing test similar to that articulated federally in *Winters v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Namely, courts evaluate (1) the likelihood of success on the merits,

(2) the likelihood of irreparable harm, (3) the balance of the equities, and (4) the public interest in issuing the injunction.

In evaluating the likelihood of success on the merits to this as-applied challenge to Va. Code § 24.2-521(1), we must consider the burden placed on the Plaintiff by the statute. "The right to vote is a 'precious' and 'fundamental' right." *Florida Democratic Party v. Scott*, 215 F.Supp.3d 1250, 1256 (2016). Additionally, the "freedom to associate with others for the common advancement of political beliefs and ideas is a form of 'orderly group activity' protected by the First and Fourteenth Amendments. The right to associate with the political party of one's choice is integral part of this basic constitutional freedom." *Kusper v. Pontikes*, 414 U.S. 51, 56-57 (1973). However, because the regulation of the time, place, and manner of elections is vested with the states, a "more flexible standard" is required when evaluating those regulations. *See Burdick v. Taskushi*, 504 U.S. 428, 434 (1992). Specifically, "courts considering a challenge to state election laws 'must weigh the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate against the *precise interests put forward by the State* as justifications for the burden imposed by its rule, taking into consideration the extent to which those interests make it necessary to burden the plaintiff's rights.'" *Florida Democratic Party*, 215 F.Supp.3d at 1256 (quoting *Burdick*, 504 U.S. at 434). As a preliminary matter, there has been no "precise interest[] put forward by the State" in this case. *Id.*

In normal circumstances, a signature requirement in order for an individual to be placed on the ballot is a light burden. *See New York State Board of Elections v. Lopez Torres*, 552 U.S. 196 (2008); *see also Norman v. Reed*, 502 U.S. 279 (1992). However, the circumstances as they exist in the Commonwealth of Virginia and across the United States are not normal right now. On March 12, 2020, Governor Northman declared a state of emergency for the Commonwealth pursuant to Va. Code § 44-146.13 *et seq.* in response to the continued spread of COVID-19. Executive Order Number Fifty-One (Northam) (2020). This declaration was clarified by guidance issued on March 17, 2020 which prohibited the non-essential gathering of more than ten people in any one location at any time. Press Release, Office of the Governor, Governor Northam Announces New Measures to Combat COVID-19 and Support Impacted Virginians (March 17, 2020). Under these circumstances, and as applied to the Plaintiff, and necessarily to all other Republican candidates for the 2020 primary election ballot for U.S. Senate in Virginia, the burden imposed by Va. Code

§ 24.2-521(1) is significant, as it precludes them from freely associating at the highest level with the political party of their choice.

Therefore, at this time, the regulation imposed by Va. Code § 24.2-521(1) is subject to strict scrutiny in order to satisfy the constitutional analysis. Meaning that the "regulation must be narrowly drawn to advance a state interest of compelling importance." *Norman*, 502 U.S. at 289. In their Response to the Plaintiffs' Emergency Motion for Preliminary Injunction, the Commonwealth articulates *no precise interest* supporting the application of this regulation in this circumstance. In fact, they neither consent nor object to the relief requested by the Plaintiff. Therefore, the Court has nothing to weigh against "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendment." *See Florida Democratic Party*, 215 F.Supp.3d at 1256 (quoting *Burdick*, 504 U.S. at 434). Even were the Court to evaluate an interest in promoting the just and fair administration of primary elections, or providing "equal access to all citizens" as the Intervenor suggests, and assuming those interests are compelling, the regulation is not narrowly tailored to advance those interests as it does not provide for emergency circumstances, like those that currently exist.

Accordingly, the Court hereby **FINDS** that the regulation in Va. Code § 24.2-521(1) as it applies to the Plaintiff, and necessarily to all other Republican candidates for the 2020 primary election ballot for U.S. Senate in Virginia under these circumstances fails constitutional analysis under strict scrutiny. Thus, the Plaintiff has a considerable likelihood of success on the merits.

Further, this Court **FINDS** that there is a likelihood of irreparable harm to Plaintiff's constitutional rights if his name were omitted from the ballot because of the application of Va. Code § 24.2-521(1). Further, Plaintiff would be limited in his ability to engage in political dialogue or debate at the elevated level in which he seeks to engage in such discussion. Additionally, as the Commonwealth has not articulated any interest in support of the application of Va. Code § 24.2-521(1) to Republican candidates for the 2020 primary election ballot for U.S. Senate in Virginia under these circumstances, and Plaintiff has articulated a significant interest in Va. Code § 24.2-521(1) not being applied to Republican candidates for the 2020 primary election ballot for U.S. Senate in Virginia under these circumstances, the Court **FINDS** that the balance of equities tips in favor of the Plaintiff. Furthermore, the Court **FINDS** that reasonable and educated debate among all candidates for office advances the political conversation, promoting the public interest as it does so.

Therefore, the Court **FINDS** that Plaintiff has established a likelihood of success on the merits, there is no other adequate remedy available at law, and the equities tip in favor of the Plaintiff's Emergency Motion for Preliminary Injunction. Thus, the Court **GRANTS** the Emergency Motion for Preliminary Injunction. Specifically, Plaintiff has requested the Defendants allow his qualification for the Republican Primary ballot for U.S. Senate in the Commonwealth with no fewer than a total of 3,500 valid signatures with no fewer than 100 signatures in each and every congressional district. While the Court is not qualified to articulate the number of signatures that should be required in order for an individual to appear on a ballot, the Plaintiff has articulated the above figures and the Commonwealth has not objected to those figures. Therefore, the Court accepts those numbers and thereby **ORDERS** that Defendants allow the qualification of Republican candidates for the 2020 primary election ballot for U.S. Senate in Virginia with no fewer than 3,500 valid signatures and no fewer than 100 signatures in each and every congressional district.

This Order applies to the Plaintiff, and all Republican candidates for the 2020 primary election ballot for U.S. Senate in Virginia because the burden of the statute's eligibility requirements are equally injurious to Plaintiff and all other Republican candidates for the 2020 primary election, and the State Board of Elections is tasked with aiding local election boards and registrars in obtaining "uniformity in their practices and proceedings." Va. Code § 24.2-103. The Commonwealth did not object in their pleading or at oral argument to the broader application of the Court's ruling to all other Republican candidates. However, while the interest of maintaining such uniformity in ballot access procedures is an important interest, neither the Democratic Party, nor any other party holding a 2020 primary election, was noticed or served with the Verified Complaint or any other pleadings herein. Accordingly, the interests of those parties have not been adequately represented before the Court. Thus, the Court must limit its ruling to the Plaintiff and other Republican candidates for the 2020 primary election as those are the only individual's whose interests are before the Court.

The Plaintiff's Motion for Attorneys' Fees is **CONTINUED** pending further submissions by Counsel.

Pursuant to Rule 1:13 of the Supreme Court of Virginia, the Court dispenses with the parties' endorsement of this Order. The Court **NOTES** the objections of the Intervening Party.

The Clerk is directed to forward a certified copy of this Order to the parties.

It is so **ORDERED**.
ENTER: 3/25/2022

_W. Reilly Marchant_
W. Reilly Marchant, Judge