# IN THE UNITED STATES DISTRICT COURT
# FOR SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Chad Thompson, et al.,** | : |
| | : CASE NO. 2:20-cv-2129 |
| Plaintiffs, | : JUDGE EDMUND SARGUS, JR |
| | : Magistrate Judge Chelsea M. Vascura |
| v. | : |
| | : |
| **Mike DeWine, et al.,** | : |
| | : |
| Defendants. | : |

### MOTION OF PROPOSED INTERVENORS OHIOANS FOR RAISING THE WAGE ANTHONY A. CALDWELL, JAMES E. HAYES, DAVID G. LATANICK, AND PIERRETTE M. TALLEY TO INTERVENE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Ohioans for Raising the Wage ("OFRW"), Anthony A. Caldwell, James E. Hayes, David G. Latanick, and Pierrette M. Talley (collectively, "Proposed OFRW Intervenors") hereby move for an order permitting them to intervene in this action. Proposed OFRW Intervenors move to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, to intervene by permission under Federal Rule of Civil Procedure 24(b)(1). Proposed OFRW Intervenors have attached a proposed complaint (Ex. A) and motion for a temporary restraining order and preliminary injunction (Ex. B) to be filed if intervention is granted.

Prior to filing this motion, counsel for the Proposed OFRW Intervenors contacted counsel for the existing Plaintiffs and Defendants in the Case. Counsel for Plaintiffs gave his consent, and there has been no response from counsel for Defendants as of yet.

Respectfully submitted,

/s/ Donald J. McTigue
Donald J. McTigue* (OH: 0022849)
 *Trial Attorney*
Derek Clinger (OH: 0092075)
MCTIGUE & COLOMBO LLC
545 East Town Street
Columbus, Ohio 43215
Phone: (614) 263-7000
dmctigue@electionlawgroup.com
dclinger@electionlawgroup.com

Attorneys for Proposed Intervenors Ohioans for Raising the Wage, Anthony A. Caldwell, James E. Hayes, David G. Latanick, and Pierrette M. Talley

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

Ohioans for Raising the Wage ("OFRW"), Anthony A. Caldwell, James E. Hayes, David G. Latanick, and Pierrette M. Talley (collectively, "Proposed OFRW Intervenors") seek to participate as intervening plaintiffs in the above-captioned lawsuit which challenges "Ohio's in-person signature collection and witnessing requirements and the deadlines required for the presentation of collected signatures for popular measures such as initiatives and referenda presented to local governments in Ohio for inclusion on Ohio's November 3, 2020 general election ballot in light of the current public health emergency caused by COVID-19…" Compl. ¶ 1, Doc. No. 1 PageID No. 1. Proposed OFRW Intervenors, who seek to place a citizen-initiated amendment to the Ohio Constitution on the November 3, 2020 general election ballot, support the premise of Plaintiffs' claims, which, by extension, have implications for the framework for placing a proposed constitutional amendment on the ballot in 2020. As set forth herein, Proposed OFRW Intervenors have a substantial interest in seeking relief from Ohio's initiative petition requirements which, in light of the COVID-19 pandemic, foreclose Proposed OFRW Intervenors' ability to exercise their constitutional rights to freedom of speech and association and to circulate an initiative petition for placement upon the November 3, 2020 general election ballot. Proposed OFRW Intervenors, therefore, seek to intervene in the instant action to represent and protect this interest.

**ARGUMENT**

**I. Proposed OFRW Intervenors Should Be Permitted to Intervene as of Right.**

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by

1

disposition of the action, unless "existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Rule is "broadly construed in favor of potential intervenors, who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted). Proposed OFRW Intervenors meet each of these requirements for intervention as of right.

### A. Proposed OFRW Intervenors' Motion is Timely.

Proposed OFRW Intervenors' Motion to Intervene is timely. The Plaintiff initially filed their Complaint with the Court on April 27, 2020. This motion was filed four days later on May 1, 2020. Given that the lawsuit is in its earliest stages, Proposed OFRW Intervenors' intervention will not delay the proceedings or prejudice the Plaintiffs or the Defendants.

### B. Proposed OFRW Intervenors Have a Substantial Legal Interest in the Subject Matter of this Case.

Proposed OFRW Intervenors clearly have a substantial legal interest in the subject matter of this case. The U.S. Court of Appeals for the Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999); *see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("'[I]nterest' is to be construed liberally.") No specific legal or equitable interest is required, *see Grutter*, 188 F.3d at 398, and even "close cases" should be "resolved in favor of recognizing an interest under Rule 24(a)," *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

As proponents of a citizen-initiated amendment to the Ohio Constitution who seek to place their proposal upon the November 3, 2020 general election ballot, Proposed OFRW Intervenors

have substantial legal interests in this litigation concerning Ohio's signature gathering requirements for initiative petitions in light of the current COVID-19 pandemic. Plaintiffs are seeking suspension or relaxing of several ballot access requirements in Ohio law, and Proposed OFRW Intervenors seek much the same type of relief, but as applied to statewide, not municipal, initiatives. The similar requested relief includes orders placing their proposals upon the ballot without having to collect additional signatures amidst the COVID-19 outbreak, or allowing petitioners to collect signatures electronically and extending the filing deeadline. Accordingly, Proposed OFRW Intervenors have substantial legal interests in the subject matter of this case.

### C. Intervention in this Case is Necessary to Protect Proposed OFRW Intervenors' Interests.

Under the third intervention prong, a "would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247. This burden is "minimal," and can be satisfied if a determination in the action may result in "potential stare decisis effects." *Id*; *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011) ("[I]ntervention of right does not require an absolute certainty that a party's interest will be impaired").

The disposition of this action may very well impair or impede Proposed OFRW Intervenors' ability to protect their interests, should they be excluded from it. For example, should the Court set an extended filing deadline or order a process permitting gathering signatures electronically, either of which may not work as well for achieving statewide ballot access, then Proposed OFRW Intervenors' interests could be harmed. Requiring Proposed OFRW Intervenors to then file and argue, and this Court to adjudicate, a separate lawsuit to craft a wholly new set of campaign-specific relief measures would be a waste of judicial resources, and contrary to the

policy behind the rule allowing for intervention. Proposed OFRW Intervenors should, therefore, be given the opportunity to provide its input on this important issue.

### D. The Existing Parties Cannot Protect the Interests of Proposed OFRW Intervenors

Proposed OFRW Intervenors carry a minimal burden to show that the existing parties to this litigation inadequately represent their interests. *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). A potential intervenor "need not provide that the [existing parties'] representation will in fact be inadequate, but only that it 'may be' inadequate. *Id* (citations omitted); *see also Davis v. Lifetime Capital, Inc.,* 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need only show that there is a *potential* for inadequate representation." (citation omitted) (emphasis original). Proposed OFRW Intervenors satisfy this minimal burden.

Proposed OFRW Intervenors' requested relief is similar to Plaintiffs' in nature, but is not identical. This is because Plaintiffs are seeking relief specific to local initiative efforts, while Proposed OFRW Intervenors are seeking relief specific to a statewide initiative petition. And although there is a significant amount of overlap between the governing law for local and statewide initiatives, there are still requirements that are unique to statewide ballot initiatives that Plaintiffs' claims will not address or protect. As such, intervention is necessary to protect Proposed OFRW Intervenors' interests that are specific to statewide ballot initiatives.

## II. Alternatively, Proposed OFRW Intervenors Should Be Allowed to Intervene by Permission.

Proposed OFRW Intervenors may also be granted to intervene by permission. Rule 24(b)(1)(B) permits intervention on timely motion by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court, "[i]n exercising its discretion . . . must consider whether the intervention will unduly delay

4

or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). This rule is to be construed liberally, and it excludes many of the requirements of intervention as of right. *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 294 (6th Cir. 1983).

The same substantial interests that give Proposed OFRW Intervenors a right to intervene in this case under Rule 24(a)(2) support permissive intervention under Rule 24(b):

First, and as stated previously in Argument Section I.A., the motion is timely given that it was filed at earliest stages of the case. Second, Proposed OFRW Intervenors have a claim or defense that shares with the main action a common question of law or fact—namely, Proposed OFRW Intervenors seek a suspension or relaxing of a number of Ohio's signature gathering requirements for initiative petitions in light of the current COVID-19 pandemic. Third, the entry of Proposed OFRW Intervenors into the case will not unduly delay or prejudice the adjudication of the original parties' rights. If granted intervention, Proposed OFRW Intervenors are prepared to proceed on the current case schedule and will avoid causing any undue delay in the proceedings. For these reasons, Proposed OFRW Intervenors should be allowed to intervene in the instant action by permission.

## **CONCLUSION**

For the foregoing reasons, Proposed Intervenor-Plaintiffs Ohioans for Raising the Wage Anthony A. Caldwell, James E. Hayes, David G. Latanick, and Pierrette M. Talley requests that their motion be granted, and that they be permitted to intervene in the instant action.

Respectfully submitted,

/s/ Donald J. McTigue
Donald J. McTigue* (OH: 0022849)
 *Trial Attorney*
Derek Clinger (OH: 0092075)
MCTIGUE & COLOMBO LLC
545 East Town Street
Columbus, Ohio 43215
Phone: (614) 263-7000
dmctigue@electionlawgroup.com
dclinger@electionlawgroup.com

Attorneys for Proposed Intervenors Ohioans for Raising the Wage, Anthony A. Caldwell, James E. Hayes, David G. Latanick, and Pierrette M. Talley

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2020, I caused a true and correct copy of the foregoing to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

Respectfully submitted,

*/s/ Donald J. McTigue*
Donald J. McTigue