# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| **CHAD THOMPSON, et al,** : | |
| : | |
| Plaintiffs, : | Case No. 2:20-cv-2129 |
| : | |
| v.  : | JUDGE SARGUS |
| : | MAG. JUDGE VASCURA |
| **GOVERNOR OF OHIO MIKE DEWINE, et al,** : | |
| : | |
| Defendants. : | |

## DEFENDANTS' MOTION TO STAY PENDING APPEAL

Defendants move the Court for a stay of its order issued on May 19, 2020, pending appeal. Doc. 44. Due to the impending deadlines and orders imposed by the Court, Defendants also request an expedited decision on this motion by May 25, 2020. A memorandum in support follows.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)*
*Counsel of Record*
MICHAEL WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
Julie.pfeiffer@ohioattorneygeneral.gov
Michael.Walton@ohioattorneygeneral.gov

*Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

This Court has effectively re-written the manner in which Ohio administers its state-created petition process. That is, on May 19, 2020, this Court granted in part Plaintiffs' motion for preliminary injunction, ruling that "in these unique historical circumstances of a global pandemic and the impact of Ohio's Stay-at-Home Orders, the State's strict enforcement of the signature requirements for local initiatives and constitutional amendments severely burden Plaintiffs' First Amendment rights *as applied here*." (emphasis sic.)  Order and Opinion, Doc. 44, PageID # 660.  The Court moved the deadline for submission of the Plaintiffs' petitions for constitutional amendments and local initiatives, and enjoined the ink signature and witness requirements enshrined in the Ohio Constitution and statutes, and as applied to all of the Plaintiffs. *Id.* at PageID # 675.  The Court ordered the Defendants to accept "electronically-signed and witnessed petitions from OFSE and OFRW Plaintiffs collected through the on-line signature collection plans." *Id.* at 676.  As to the Thompson Plaintiffs, who offered no alternative signature-gathering methodology, the Court ordered the Defendants to create "adjustments to the enjoined requirements so as to reduce the burden on ballot access." *Id.*  Finally, the Court ordered the parties to meet and confer regarding technical and security issues and to report back to the Court by noon on May 26, 2020. *Id.*

The Secretary of State and the 88 county boards of elections must create and implement these significant and unprecedented processes before July 31, 2020, the deadline to which the petition submissions was extended. *Id.* at 675-676.  Ohio has a strong interest in adhereing to its own popularly-enacted Constitution, complying with its presumptively constitutional laws, and running its own elections.  Given the wide-ranging implications of the Court's order, including the development from whole cloth of entirely new processes for

signature gathering run afoul of the Ohio Constitution and Ohio statutes, the Defendants request a stay of this Court's Order pending its appeal. The Defendants also request an expedited decision on this motion by May 25, 2020.

## ARGUMENT

### A. Standard of Review

Evaluating a motion for a stay pending appeal involves four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).  These factors are not prerequisites to grant of a stay, but are instead "interconnected considerations to be balanced by the reviewing court.  *Coal. to Defend Affirmative Action*, 473 F.3d at 244.

### B. No First Amendment Rights are Implicated Here.

The Plaintiffs' claims do not implicate the First Amendment.  The First Amendment confers no "right to use governmental mechanics to convey a message." *Nev. Comm'n on Ethics v. Carrigan,* 564 U.S. 117, 127 (2011).  The United States Constitution does not guarantee anyone the right "to make law, by initiative, or otherwise." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1099 (10th Cir. 2006) (en banc).  In other words, although "the First Amendment protects public debate about legislation, it confers no right to legislate on a particular subject." *Marijuana Policy Project v. United States*, 304 F.3d 82, 85 (D.C. Cir.2002).  "It is instead up to the people of each State, acting in their sovereign

2

capacity, to decide whether and how to permit legislation by popular action." *Doe v. Reed*, 561 U.S. 186, 212 (2010) (Sotomayor, J., concurring).  Thus, any right to place a specific issue on the ballot is limited to what is granted in the Ohio Constitution or Ohio Revised Code.

The Ohio Constitution and Ohio law conditions the "right" to ballot access on strict compliance with numerous requirements.  In particular, Article II § 1g of the Ohio Constitution states, "[t]he names of all signers to such petitions shall be written in ink, each signer for himself.  To each part of such petition shall be attached the statement of the circulator, as may be required by law, that *he witnessed the affixing of every signature*. The secretary of state shall determine the sufficiency of the signatures not later than *one hundred five days* before the election." (emphasis added).  Concurrently, the Ohio Constitution *does not* permit electronic signatures or extensions of petition deadlines.  Plaintiffs' failure to comply with these requirements forecloses their right to have their petitions placed on the November ballot.

This Court's order requiring the Defendants to accept the Plaintiffs' "Plan B" for signature gathering offends the Ohio Constitution and is not required under the First Amendment.  Indeed, the Ohio Constitution does not provide for contingencies or alternative plans for parties who cannot comply with its provisions.  This is so even if the Plaintiffs' ability to obtain signatures has been "severely burdened" by the COVID 19 pandemic.  Indeed, it is the COVID 19 pandemic and not state action that has caused the Plaintiffs' difficulties in gathering signatures.  See *Ysursa v. Pocatello Educ. Ass'n,* 555 U.S. 353, 359 (2009) ("States are not obligated to subsidize the exercise of a fundamental right.").

3

### C.  The Substantial Regulatory Interests Outweigh Any Burden.

Further, any burden on the Plaintiffs is more than justified by the State's significant regulatory interests under the *Anderson-Burdick* standard. *See Anderson v. Celebrezze*, 460 U.S. 780 (1983) and *Burdick v. Takushi*, 504 U.S. 428 (1992).  First, Plaintiffs offered no evidence of the likelihood that they would have obtained the required signatures but for the COVID-19 crisis.  They merely speculated that Ohioans would not sign their petitions out of fear of contracting COVID 19 and not because they lacked support for their petitions.  Nor did Plaintiffs point to any state action which infringed on their First Amendment right to engage in political speech and association.  All COVID-19 orders specifically exempt Plaintiffs' signature gathering from their restrictions.

Even a moderate burden on signature gathering is outweighed by the state's substantial regulatory interests in orderly elections and in protecting the Ohio Constitution and election laws.  Strict compliance with the Ohio Constitution and the statutes that give it effect is required here.  Only through such strict compliance can election officials ensure that submitted signatures are authentic.  Nowhere is this more evident that in the Ohio Constitution which *requires* that petition circulators "witness the affixing of every signature." Art. II, § 1g.  An electronic signature plan by its very nature cannot comply with this requirement.  It is simply not a legal or practical  alternative.  Finally, Ohio's deadlines for submission of petitions ensured that the Secretary of State and the county boards of elections have adequate time to verify that all of the requirements, including signature verification, are complete and accurate.  The Court's extension of these deadlines has wide ranging implications for other ballot petition requirements such as deadlines for challenges to petitions before the Ohio Supreme Court as set forth in Article II of the Ohio Constitution.

Considering the significant interests presented here, as opposed to the minimal (or, at best, moderate) burden, the Defendants will succeed on appeal.

### D. Without a stay, Ohio's citizens will suffer irreparable harm.

Evaluating a stay also requires asking whether the movant would suffer irreparable harm. "[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 133 S. Ct. 1, 3 (2012) ) (Roberts, C.J., in chambers) (citation omitted). Thus, an injunction "seriously and irreparably harms" a State any time it wrongly "bar[s] the State from conducting … elections pursuant to a statute enacted by the Legislature." *Abbott v. Perez*, 138 S. Ct. 2305, 2324 (2018). Further, as explained below, this Court goes beyond re-writing Ohio's statutes. Rather, this Court re-writes Ohio's *Constitution*, which not only affects the interests of Ohio, but those of its citizens as well. See Preamble to the Ohio Constitution ("We, the people of the State of Ohio…do establish this Constitution."). Therefore, the wrongful injunction in this case irreparably harms not only the State, but all Ohioans.

Furthermore, the Court's Order places an incredible burden upon the individual Defendants who have been tasked with solving the Thompson Plaintiffs' problems in only one week. Allotting such a short timeline in which to come up with a new election procedure in the case of a once-in-a-lifetime occurrence, i.e. the COVID-19 pandemic, invites the possibility of rushed solutions. Such solutions, if not properly vetted, could lead to disastrous results, including, but not limited to, voter confusion and could threaten the effective administration of the signature verification process. However, a stay of the case pending appeal allows Defendants more time to not only defend the case, but also to think of a reasonable solution if the appeal proves unsuccessful, which it will not.

E. **The Court exceeded its power to grant compulsory relief under *Esshaki*.**

Assuming, arguendo, that Defendants are not likely to succeed on appeal on the merits, which they are, this Court has nonetheless exceeded its power to grant relief by ordering Defendants to "accept electronically-signed and witnessed petitions collected through the on-line signature collection plans proposed by OFRW Plaintiffs and OFSE Plaintiffs as set forth in their briefing and supporting documents" under the Sixth Circuit's holding in *Esshaki v. Whitmer*, No. 20-1336, 2020 U.S. App. LEXIS 14376 (6th Cir. May 5, 2020). Notably, this Court applied *Esshaki* to the Thompson Plaintiffs' claims and found that it was "without power to modify the requirements set forth in the Ohio Revised Code for local initiatives" under *Esshaki*. Doc. 44, PAGEID #674. However, it did not do the same as to the requirements contained in the Ohio Constitution.

In *Esshaki*, which involved candidate ballot access in light of the COVID-19 pandemic, the Sixth Circuit found that "federal courts have no authority to dictate to the States precisely how they should conduct their elections." 2020 U.S. app. LEXIS 14376 at *4. Thus, the Sixth Circuit found that Michigan was likely to succeed on appeal and granted a stay as to the compulsory requirements of the preliminary injunction issued by the district court in which it "(1) reduced the number of signatures required by 50%; (2) extended the deadline for filing the signatures to May 8; and (3) ordered the State to permit the collection of signatures through the use of electronic mail." *Id.* at *4-5.

If the holding in *Esshaki* is to be applied to a state's statutes, then it should certainly be applied to a state's constitution, which represents the will of all of the state's citizens.[1]

---

[1] To be clear, *Esshaki*, like every other case involving candidate access to the ballot, is not applicable in this case, which involves a state's right to promulgate reasonable regulations as to the initiative petition process.

6

*Esshaki* was decided less than a month ago and is more on-point, e.g. deals with the problems caused by the COVID-19 pandemic in elections, than the authority cited by this Court for its conclusion that it has the power to re-write the Ohio Constitution, i.e. *Goldman-Frankie v. Austin*, 727 F.2d 603 (6th Cir. 1984).  Even if this Court disagrees, the Sixth Circuit, which authored both *Esshaki* and *Goldman-Frankie*, is in the best position to decide whether a federal court can re-write a state constitution's provisions and effectively determine how a state should administer its elections.  A stay of this Court's injunction is therefore necessary to avoid such a result.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court stay enforcement of its Order dated May 19, 2020, pending appeal.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)*
*Counsel of Record*
MICHAEL WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
Julie.pfeiffer@ohioattorneygeneral.gov
Michael.Walton@ohioattorneygeneral.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762) *
Assistant Attorney General