**IN THE UNITED STATES DISTRICT COURT**
**FOR SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Chad Thompson, et al.,** | : |
| | : CASE NO. 2:20-cv-2129 |
| Plaintiffs, | : JUDGE EDMUND SARGUS, JR |
| | : Magistrate Judge Chelsea M. Vascura |
| v. | : |
| | : |
| **Mike DeWine, et al.,** | : |
| | : |
| Defendants. | : |

**OFRW PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO**
**STAY THE COURT'S MAY 19, 2020 ORDER AND OPINION PENDING APPEAL**

Plaintiffs Ohioans for Raising the Wage, Anthony A. Caldwell, James E. Hayes, David G. Latanick, and Pierrette M. Talley (collectively "OFRW Plaintiffs") oppose Defendants' Motion to Stay this Court's May 19, 2020 Opinion and Order Pending Appeal (Doc. # 46).

**ARGUMENT**

District courts consider the following factors when evaluating a motion to stay pending appeal: (1) whether the stay applicant has made a strong showing that they are likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantively injury the other parties interested in the proceeding; and (4) where the public interest lies.

OFRW Plaintiffs agree with the arguments in opposition set forth in the Thompson Plaintiffs' Response to Defendants' Motion to Stay (Doc. #47) and, in the interest of judicial economy, OFRW Plaintiffs hereby adopt these arguments and will not repeat them here, but also add the following.

**I.   Defendants have not made a strong showing that they are likely to succeed on the merits.**

First, Defendants are unlikely to prevail on the merits of their appeal because, even in their

Motion to Stay, they continue to rely heavily upon a fiction that ballot initiatives are not entitled

to protection under the U.S. Constitution. *See* Defendant's Motion, Doc. # 46, PageID # 681-82.

But the Sixth Circuit has explained that "although the Constitution does not require a state to create

an initiative procedure, if it creates such a procedure, the state cannot place restrictions on its use

that violate the federal Constitution." *Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d

291, 295 (6th Cir. 1993).

Second, Defendants are unlikely to prevail on the merits of their appeal because the Court's

factual findings are well supported by the evidence submitted by OFRW Plaintiffs. Indeed, OFRW

Plaintiffs submitted two detailed declarations establishing the immediacy and extent of the harm

to OFRW Plaintiffs, as well as the effect of the COVID-19 pandemic and the State's response to

it as precluding OFRW Plaintiffs' ability to comply with the State's ballot access requirements. In

contrast, Defendants' evidence was limited to a single pro forma affidavit from Defendant

Secretary's office. All this affidavit consists of are mere restatements of Ohio's laws concerning

initiative petitions and a short explanation of the Secretary's office's procedures for reviewing

initiative petitions. It does not contain a single factual claim that any of the Defendants would

suffer any harm whatsoever were the Court to grant any of the Plaintiffs' requested relief. Given

the Defendants' dearth of evidentiary support for their assertions, they are unlikely to prevail on

the merits of their appeal.

Third, Defendants cannot demonstrate that the Court's orders are contrary to the Sixth

Circuit's decision in *Esshaki v. Whitmer*, No. 20-1336, 2020 U.S. App. LEXIS 14376 (6th Cir.

May 5, 2020). Defendants claim that *Esshaki* prohibits the Court from modifying Ohio's filing

deadline for statewide initiative petitions and from ordering Defendants to accept electronic signatures, but the Court specifically addressed this argument in its May 19 Opinion and Order. Indeed, the Court explained that because these requirements are not mere statutory requirements like the requirements at issue in *Esshaki,* but instead are requirements set forth in the Ohio Constitution, they cannot be readily modified by Defendants to remedy the (federal) constitutional violation. As a result, the *only* way to resolve the (federal) constitutional violation was for the Court to temporarily modify these state constitutional provisions.

Further indicating that the Court's decision was consistent with *Esshaki* is the fact that Defendants are seeking initial *en banc* review of this Court's decision rather than a three-judge panel, which would be bound by *Esshaki*. *See* Defendants' Petition for Initial *En Banc* Review, *Thompson v. DeWine*, Case No. 20-3526, Doc. # 9 (6th Cir. 2020).

For these reasons, Defendants failed to make a strong showing that they are likely to succeed on the merits of their appeal.

## II.  The equitable factors weigh against a stay of the May 19 Order.

The equitable factors also weigh against a stay of the Court's May 19 Order.

Defendants cannot demonstrate that they will be irreparably harmed absent a stay because they face no immediate harm from the Court's May 19 Order. Under the Order, Defendants' only obligations in the near future are to confer with Plaintiffs about their plan to collect signatures electronically and to report back to the Court by May 26. Other than that, Defendants, with or without a stay, would not have to do anything until Plaintiffs file their petitions on July 31, 2020.

In contrast, granting a stay would irreparably harm OFRW Plaintiffs. If a stay is granted, OFRW Plaintiffs will continue to be unable to circulate their petition due to the COVID-19 pandemic and the State's response to it—this is the very harm that served as the basis of the Court's

3

decision to issue a preliminary injunction. Moreover, OFRW Plaintiffs are concerned that if a stay

is granted and Defendants fail in their appeal, Defendants will then claim (again) that they do not

have enough time to implement the Court's remedy. Indeed, when viewed in this light, Defendants'

motion appears to be nothing but an attempt to run out the clock on Plaintiffs' ability to circulate

initiative petitions for submission at the November 3, 2020 general election.

For these same reasons, the public interest favors denying the requested stay. OFRW

Plaintiffs' constitutional rights would continue to be violated by granting the stay, and it "is always

in the public interest to prevent the violation of a party's constitutional rights." *Libertarian Party*

*of Ohio v. Husted,* 751 F.3d 403, 412 (6th Cir. 2014).

## CONCLUSION

When considering the various factors, then, the equities weigh in favor of this Court

denying Defendants' request for a stay of the Court's May 19, 2020 Opinion and Order.

Respectfully submitted,

/s/ Donald J. McTigue_____
Donald J. McTigue*
 *Trial Attorney
Derek Clinger
MCTIGUE & COLOMBO LLC
545 East Town Street
Columbus, Ohio 43215
Phone: (614) 263-7000
dmctigue@electionlawgroup.com
dclinger@electionlawgroup.com

Attorneys for Plaintiffs Ohioans for Raising the
Wage, Anthony A. Caldwell, James E. Hayes,
David G. Latanick, and Pierrette M. Talley

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2020, I caused a true and correct copy of the foregoing to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

Respectfully submitted,

*/s/ Donald J. McTigue*
Donald J. McTigue
