**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: July 13, 2020

Ms. Elizabeth Bonham
Mr. Mark R. Brown
Mr. David Joseph Carey
Mr. Stephen P. Carney
Mr. Derek S. Clinger
McTigue & Colombo
Mr. Benjamin Michael Flowers
Mr. Oliver B. Hall
Mr. Michael Jason Hendershot
Mr. Shams Hanif Hirji
Mr. Dale Edwin Ho
Ms. Freda Levenson
Mr. Donald J. McTigue
McTigue & Colombo
Ms. Julie M. Pfeiffer
Ms. Anne M. Sferra
Mr. Christopher N. Slagle
Mr. Bryan Matthew Smeenk
Ms. Tiffany Alora Thomas

    Re: Case No. 20-3526, *Chad Thompson, et al v. Richard Dewine, et al*
       Originating Case No. : 2:20-cv-02129

Dear Counsel,

 The Court issued the enclosed Order today in this case.

         Sincerely yours,

         s/Roy G. Ford
         Case Manager
         Direct Dial No. 513-564-7016

cc: Mr. Richard W. Nagel

Enclosure

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Case No. 20-3526

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 13, 2020
DEBORAH S. HUNT, Clerk

CHAD THOMPSON, et al.,

    Plaintiffs-Appellees,

v.

RICHARD MICHAEL DEWINE, et al.,

    Defendants-Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

**ORDER**

BEFORE: SUTTON, McKEAGUE, and NALBANDIAN, Circuit Judges.

PER CURIAM.

On May 26, we stayed pending appeal the district court's order enjoining Ohio's enforcement of its ballot-initiative requirements and the modified requirements the district court unilaterally imposed. *Thompson v. DeWine*, 959 F.3d 804, 813 (6th Cir. 2020). Plaintiffs Thompson, Schmitt, and Keeney have now filed an emergency motion to partially lift that stay.[1] Plaintiffs raise two arguments: first, that factual circumstances have changed "such that the court's reasons for imposing the stay no long[er] exist or are inappropriate," (Pls./Appellees' Emergency Mot. to Partially Lift Stay at 22 (citing *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003))), and second, that this court's order denying a stay in *SawariMedia, LLC v. Whitmer*, --- F.3d ----,

---

[1] Plaintiffs also applied to the Supreme Court to vacate the stay, but the Court denied the application. *Thompson v. DeWine*, --- S. Ct. ----, 2020 WL 3456705 at *1 (2020).

No. 20-3526, *Thompson, et al. v. DeWine, et al.*

2020 WL 3603684 at *3 (6th Cir. 2020), a similar case challenging ballot-initiative requirements in Michigan, "afford[s] differing constitutional protections in the midst of a national crisis to voters in contiguous States within the same Circuit[.]" (Pls./Appellees' Emergency Mot. to Partially Lift Stay at 26.) We are not persuaded by either.

Plaintiffs contend that circumstances in Ohio have changed such that rather than fully reopening in the face of COVID-19, Ohio has now extended its public health restrictions. So "[s]ignature collection will not be what it was before the pandemic until well after the July 16, 2020 deadline." (*Id.* at 24.) But we never held that circumstances needed to return to pre-pandemic status for Ohio's ballot-initiative requirements to comply with the First Amendment. To the contrary, we made clear that it was "vitally important" that Ohio's public health restrictions "specifically exempted conduct protected by the First Amendment[,]" including petitioning. *Thompson*, 959 F.3d at 809–10. And the State has continued to exempt "First Amendment protected speech, including petition or referendum circulators" from its restrictions. Ohio Dep't of Health, Director's Updated and Revised Order for Business Guidance and Social Distancing ¶ 3 (May 29, 2020); *see also* Ohio Dep't of Health, Director's Second Order to Extend the Expiration Date of Various Orders ¶ 2(f) (July 6, 2020) (extending the May 29 order "until the earlier of the State of Emergency declared by the Governor no longer exists, or the Director of the Ohio Department of Health rescinds or modifies the Order"). So as we said in our stay order, "none of Ohio's pandemic response regulations changed the status quo on the activities Plaintiffs c[an] engage in to procure signatures for their petitions." *Thompson*, 959 F.3d at 809.

Plaintiffs, again, are not challenging direct state restrictions on their ability to circulate petitions. Plaintiffs instead complain that their task is harder because of the State's general COVID-19 restrictions—especially the ban on large gatherings. In other words, while the State

No. 20-3526, *Thompson, et al. v. DeWine, et al.*

permits Plaintiffs to stand outside Great American Ball Park with their petitions, it simultaneously prohibits the typical large crowds from gathering there. But this is the same argument we rejected in our order granting the stay. "There's no reason that Plaintiffs can't advertise their initiatives within the bounds of our current situation[.]" *Id.* at 810. And "just because procuring signatures is now harder (largely because of a disease beyond the control of the State) doesn't mean that Plaintiffs are *excluded* from the ballot." *Id*. What's more, Plaintiffs point to no case for the proposition that a restriction on large crowds, which typically facilitate the circulation of Plaintiffs' petitions, somehow infringes on *Plaintiffs'* First Amendment rights to circulate those petitions. The pandemic has lasted longer than most expected. But while circumstances may have changed, our reasons for the original stay have not—and they are equally appropriate today.

Second, Plaintiffs' contention that our decision in *SawariMedia* creates two classes of constitutional protections, one for Ohio petition circulators and one for Michigan petition circulators, is incorrect. Our order granting the stay delineated the differences between Michigan and Ohio's public health restrictions. *Id.* at 809–10. And our order in *SawariMedia* adopted that analysis. --- F.3d at ----, 2020 WL 3603684 at *2 ("*Thompson* distinguished *Esshaki* almost entirely based on differences between Michigan's and Ohio's stay-at-home orders."). So there are not different constitutional standards in Michigan and Ohio. Rather, because of differences in state law, Ohio can show a likelihood of success against a challenge to its ballot initiative requirements while Michigan cannot.

Finally, the State requests that we prohibit Plaintiffs from filing additional motions without first obtaining leave of court. Because there is an arguable basis for filing this emergency motion, we decline to do so.

3

No. 20-3526, *Thompson, et al. v. DeWine, et al.*

    For these reasons, we **DENY** Plaintiffs' emergency motion to partially lift the stay pending appeal and **DENY** the State's motion to prevent Plaintiffs from filing further motions in this case without leave of court.

                                    ENTERED BY ORDER OF THE COURT

                                    Deborah S. Hunt, Clerk

4