**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | | |
|---|---|---|
| **CHAD THOMPSON, et al,** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:20-cv-2129** |
| | : | |
| v. | : | **JUDGE SARGUS** |
| | : | |
| **GOVERNOR OF OHIO MIKE DEWINE, et al,** | : | **MAG. JUDGE VASCURA** |
| | : | |
| **Defendants.** | : | |

---

### DEFENDANTS' MOTION TO DISMISS

---

Pursuant to Fed.R. Civ. P. 12(b)(1) and (6), Defendants Ohio Governor Mike DeWine, Ohio Department of Health Director Stephanie McCloud, and Ohio Secretary of State Frank LaRose respectfully move the Court to dismiss the Complaint as Plaintiffs' claims have been rendered moot and/or are now barred by Eleventh Amendment immunity. A memorandum in support is attached.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Julie M. Pfeiffer
JULIE M. PFEIFFER (0069762)*
    *Counsel of Record
MICHAEL WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Julie.pfeiffer@ohioattorneygeneral.gov
Michael.Walton@ohioattorneygeneral.gov

*Counsel for Defendants*

## MEMORANDUM

### I.  INTRODUCTION

On April 19, 2021, the United States Supreme Court denied Plaintiffs' petition for writ of certiorari to the Sixth Circuit for its September 16, 2020 reversal of this Court's partial grant of Plaintiffs' request for a preliminary injunction. *Thompson v. DeWine*, 976 F.3d 610 (6th Cir. 2020) *cert. denied* 2021 U.S. LEXIS 2076, ___ S.Ct. ___, 2021 WL 1520804.  Now that Plaintiffs have exhausted all avenues for appeal, this Court should dismiss their Complaint because it is moot and barred by the Eleventh Amendment.  Plaintiffs only sought injunctive relief related to the November 2020 election.  Now that the November 2020 election has come and gone, there is simply no way for this Court to grant their requested relief.  Also, the issues raised here are not capable of repetition yet evading review. *See Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S. Ct. 347, 46 L. Ed. 2d 350 (1975).  The COVID-19 health orders that Plaintiffs challenge have expired and any effects of the COVID-19 pandemic as they were when the Plaintiffs filed their Complaint have abated.  Even if circumstances worsen again, *Thompson* still demands dismissal of the case. The *Thompson* Court ruled that Ohio's interests in its ballot-access restrictions outweigh the "intermediate burden on plaintiffs' First Amendment rights, *even during COVID-19*." *Thompson* at 616-619 (emphasis added).  Thus, under *Thompson* and other pandemic related cases, Plaintiffs have failed to state a claim.  Finally, this Court lacks jurisdiction under the Eleventh Amendment. Today, Plaintiffs' Complaint is one for alleged *past* violations of federal law.  The Eleventh Amendment bars claims for declaratory judgment based on past violations of federal law. *See Banas v. Dempsey*, 742 F.2d 277, 287 (6th Cir. 1984), *aff'd. sub nom.*, *Green v. Mansour*, 474 U.S. 64, 106 S.Ct. 423 (1985).  For all of these reasons, Plaintiffs Complaint should be dismissed.

## II.    BACKGROUND

Plaintiffs are three registered voters who sought to place marijuana decriminalization measures on multiple local ballots across Ohio for consideration during the November 2020 election.  *See* Complaint, Doc. 1, PAGEID #3, ¶¶ 7-8.  Plaintiffs brought this action to bypass Ohio's local initiative petition requirements in order to place their issues on the November 2020 ballot. *See id.* at PAGEID # 18, ¶ 79(2).

In their Complaint, Plaintiffs' alleged that the combination of the in-person signature requirements for local initiatives in conjunction with the various public health orders issued in response to the COVID-19 pandemic, which have since expired, violated their rights under the First and Fourteenth Amendments.  *See id.* at PAGEID # 16-18, ¶¶ 64-78.  In their Demand for Relief, Plaintiffs requested that this Court:

(1)    Assume original jurisdiction over this case;

(2)    Issue a temporary restraining order, preliminary injunction and/or permanent injunction against Defendants either directing Defendants to immediately place Plaintiffs' marijuana decriminalization initiatives on local November 3, 2020 election ballots without the need for supporting signatures from Ohio voters, or alternatively;

(3) Issue a temporary restraining order, preliminary injunction and/or permanent injunction against Defendants (i) prohibiting enforcement of Ohio's in-person supporting signature requirements for  candidates for office for Ohio's November 3, 2020 general election; (ii) extending the deadline for submitting supporting signatures to city auditors, village clerks and local election boards of elections in order to qualify popular measures for local November 3, 2020 election ballots to September 1, 2020; (iii) directing Defendants to develop at their expense timely, efficient and realistic procedures and practices for gathering supporting signatures from voters and submitting them to local officials electronically in order to qualify initiatives for local November 3, 2020 election ballots; and (iv) reducing the number of needed voters' signatures in support of proposed popular measures for local November 3, 2020 election ballots in Ohio to no more than ten percent of the number now prescribed by Ohio law; and

(4) Issue a declaratory judgment against Defendants stating that, in light of the current public health emergency caused by the COVID-19 pandemic and executive orders requiring that Ohio citizens stay at home and shelter in place, Ohio's

supporting in-person signature requirements and submission deadlines for popular measures proposed for local November 3, 2020 elections in Ohio violate the First and Fourteenth Amendments to the United States Constitution; and

(5) Order Defendants to pay to Plaintiffs their costs and a reasonable attorney's fees under 42 U.S.C. § 1988(b); and

(6) Retain jurisdiction over this matter and order Defendants to provide to Plaintiffs any additional relief the Court deems just.

Plaintiffs were originally successful in obtaining a preliminary injunction from this Court. *See* Opinion and Order, Doc. 44, PAGEID #675-676.  However, on appeal, the Sixth Circuit granted Defendants' request for a stay of the injunction as it found that Plaintiffs were not likely to succeed on the merits.  *See Thompson v. Dewine*, 959 F.3d 804, 809-812 (6th Cir. 2020).  The Sixth Circuit later issued a full opinion in which they reversed this Court's decision finding that the Plaintiffs were not likely to succeed on the merits of their claims for injunctive relief. *Thompson v. Dewine*, 976 F.3d 610, 616-620 (6th Cir. 2020).  Finally, on April 19, 2021, the United States Supreme Court denied Plaintiffs' petition for writ of certiorari to the Sixth Circuit for its September 16, 2020 reversal of this Court's partial grant of Plaintiffs' request for a preliminary injunction. *Thompson v. DeWine*, 976 F.3d 610 (6th Cir. 2020) *cert. denied* 2021 U.S. LEXIS 2076, ___ S.Ct. ___, 2021 WL 1520804.

This case should be dismissed.  The November 2020 election has come and gone, along with Plaintiffs' claims.  As Plaintiffs only sought relief related to the November 2020 election, their claims have been rendered moot.  In other words, it is now impossible for this Court to grant "any effectual relief" to the Plaintiffs if they are ultimately successful.  *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016) (internal quotation and additional citation omitted).  Nor are Plaintiffs' alleged claims capable of repetition yet evading review. *See Dunn v. Blumstein*, 405 U.S. 330 (1972) (An exception to the  mootness doctrine is

that a court may adjudicate an issue when it is one that is "capable of repetition, yet evading review.")  Further, the Eleventh Amendment now bars Plaintiffs' declaratory judgment claim as it is based on alleged *past* violations of federal law.  *Banas v. Dempsey*, 742 F.2d 277, 287 (6th Cir. 1984), *aff'd. sub nom.*, *Green v. Mansour*, 474 U.S. 64, 106 S.Ct. 423 (1985).  Accordingly, Plaintiffs' Complaint should be dismissed in its entirety.

## III.  LAW AND ARGUMENT

### A.  Standard of Review

A motion to dismiss for failure to state a claim upon which a court may grant relief challenges the sufficiency of the complaint itself.  *Volbers-Klarich v. Middletown Mgt. Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶¶ 11-12.  A court should consider and accept all factual allegations of the complaint as true and afford all reasonable inferences in the non-moving party's favor.  *Id*.  This does not allow, however, unsupported conclusions to be admitted or to be deemed sufficient.  *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994).  Dismissal under Civ. R. 12(B)(6) is warranted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *O'Brien v. Univ. of Community Tenants Union, Inc*., 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975) (citation omitted).

Additionally, Civ. R. 12(B)(1) provides for dismissal of an action for lack of subject matter jurisdiction.  A civil complaint must establish that the claims set forth are within the subject matter jurisdiction of the court.  *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989); Civ.R. 12(B)(1).  Courts ask "whether any cause of action cognizable by the forum has been raised in the complaint."  *Id*. at 80, citing *Avco Financial Services Loan, Inc. v. Hale*, 36 Ohio App.3d 65, 67 (10th Dist. 1987).

**B.** **Plaintiffs' claims are moot.**

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Gomez*, 577 US. at 579, quoting U.S. Const., Art. III, §2.  The Supreme Court has found that this requirement applies to all stages of litigation and is not limited to when the complaint is filed.  *See id.* (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997)) (additional citation omitted).  Thus, "if an event occurs while a case is pending * * * that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [action] must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653, 40 L. Ed. 293, 16 S. Ct. 132 (1895)); *see also Genesis HealthCare Corp.*, 569 U.S., at 72, 133 S. Ct. 1523, 185 L. Ed. 2d 636, 643 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)) ("[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot.").  A case is moot when no live controversy remains, and no live controversy remains when a court cannot provide effective relief. *See*, *e.g.*, *Deakins v. Monaghan*, 484 U.S. 193, 199, 98 L. Ed. 2d 529, 108 S. Ct. 523 (1988). Mootness is a matter of subject matter jurisdiction with its roots in the Constitution, which limits our jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2.

Here, Plaintiffs' claims were rendered moot once the November 3, 2020 election occurred. *See Fair Elections Ohio v. Husted*, No. 2:12-cv-763, 2013 U.S. Dist. LEXIS 86393, at *10-11 (S.D. Ohio June 19, 2013).  In *Fair Elections*, the plaintiffs sought declaratory and injunctive relief related to the 2012 presidential election in Ohio. *See id.* at *10-11.  Prior to the resolution of the case, the 2012 election took place. *See generally id.*  Following the election, the defendants filed a motion to dismiss based on mootness. *Id.* at *6.  Specifically, defendants argued that it was

impossible for the court to grant plaintiffs' requested relief, i.e. to place a petition on the 2012 ballot. *Id.* at *8-9. Judge Smith agreed and dismissed the claims as moot. *See id.* at *12. Like the plaintiffs' claims in *Fair Elections*, the Plaintiffs' claims here have been rendered moot by the conclusion of the November 2020 election. *See id.* at *10-11. Notably, *all* of their requested relief relates *solely* to the November 2020 election. Because the Court can no longer order the Plaintiffs' issues to be placed on the November 2020 ballot or provide any other injunctive relief related to the November 2020 election, it is impossible for this Court to grant Plaintiffs "'any effectual relief.'" *Gomez*, 577 U.S. at 161 (quoting *Knox v. Service Employees*, 567 U.S. 298, 307, 132 S. Ct. 2277, 183 L. Ed. 2d 281, 295 (2012)). Further, Plaintiffs' request for attorney's fees does not save their case. *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 714 (6th Cir. 2011) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). All of Plaintiffs' requested relief hinges on the November 2020 election. There is no remedy that this Court can provide that would resolve Plaintiffs' claims. This case no longer presents a live controversy and therefore, this Court should dismiss Plaintiffs' Complaint.

Nor are Plaintiffs claims capable of repetition yet evading review. The Supreme Court recognizes an exception to mootness in cases that are "capable of repetition, yet evading review." *See Murphy v. Hunt,* 455 U.S. 478, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982). The Court has explained that, "in the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the *same complaining party* would be subjected to the *same action* again." *Weinstein*, 423 U.S. at 149 (emphasis added); *Coalition for Gov't Procurement v.*

*Fed. Prison Indus., Inc.,* 365 F.3d 435, 473 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17, 140 L. Ed. 2d 43, 118 S. Ct. 978 (1998)).

Here, the Plaintiffs fail on both factors of the 'capable of repetition, yet evading review' doctrine. *First*, Plaintiffs filed their Complaint far enough in advance of the November 2020 election to have fully litigated their claims. The parties made factual stipulations, offered evidence and fully briefed the matter at the preliminary injunction stage. Instead of returning to this Court to fully litigate their permanent injunction claims *before* the November 2020 election, Plaintiffs chose to wait until February 2, 2021 - *long after* the election to appeal the Sixth Circuit's denial of their preliminary injunction to the U.S. Supreme Court. See Plaintiffs' Petit. For Writ of Cert., U.S. Supreme Court, *available at*: https://www.supremecourt.gov/DocketPDF/20/20-1072/167925/20210202145232199_2021.02.02_Thompson%20Cert.%20Petition%20Final.pdf. Accordingly, the Plaintiffs had enough time to fully litigate their claims before the November 2020 election if they had chosen to do so.

*Second*, there is no reasonable expectation that the Plaintiffs would be subjected to the same actions or conditions in subsequent elections. Plaintiffs challenged the Ohio Department of Health's COVID-19 orders issued throughout the month of March 2020 that restricted events and other mass gatherings and instructed Ohioans to stay at home or at their place of residence due to the COVID-19 pandemic. *See* Compl., Doc. 1, PageID# 9-13, ¶¶ 41-50(A-G). They claimed that those restrictions made it "literally impossible for people outside the same family unit to solicit others for signatures needed to support the initiative petitions needed to place initiatives and referenda on Ohio's November 2020 election ballot" and demanded relief from the in person signature collection requirements. *Id*. at PageID# 14, ¶52. Today, those restrictions have been rescinded or have expired. See Rescinded Orders, *available at*:

https://coronavirus.ohio.gov/wps/portal/gov/covid-19/resources/public-health-orders/public-health-orders-rescinded. Further, as *Thompson* held, none of the public health orders prevented the Plaintiffs from gathering signatures. *See Thompson*, 976 F.3d at 617. Currently, the Ohio Department of Health has issued the "Director's Amended Order for Social Distancing, Facial Coverings and Non-Congregating" which provides guidance to Ohioans at a much less restrictive manner than the COVID-19 orders complained of in the Plaintiffs' Complaint. See Director's Amended Order, *available at*: https://coronavirus.ohio.gov/static/publicorders/amended-directors-order-for-social-distancing-21-reader.pdf. So, the Plaintiffs cannot establish that they will be subjected to the *same* conditions that formed the basis of their Complaint.

Even if pandemic conditions worsen again and the Plaintiffs' claims are capable of repetition, they will still fail as a matter of law. *Thompson v. DeWine,* 976 F.3d 610 (6th Cir. 2020) and other pandemic-inspired cases establish that COVID-19 orders that carve out First Amendment activities from their restrictions do not amount to unconstitutional burdens on voting under *Anderson v. Celebrezze*, 460 U.S. 780, 788, 103 S. Ct. 1564, 75 L. Ed. 2d 547 (1983) and *Burdick v. Takushi*, 504 U.S. 428, 434, 112 S. Ct. 2059, 119 L. Ed. 2d 245 (1992). In *Thompson*, the Court explained that "Ohio specifically exempted conduct protected by the First Amendment from its stay-at-home order" and therefore, "even if prospective signatories were deciding to stay home or avoid strangers-thus reducing Plaintiffs' opportunities to interact with them-we don't attribute those decisions to Ohio. We must remember, First Amendment violations require state action." *Id.* at 613. Because Ohio's COVID 19 orders did not exclude or virtually exclude Plaintiffs from the ballot, the Court found that the State's valid interest in the orders outweighed the intermediate burden that the COVID 19 orders imposed on the Plaintiffs. *Id.* at 618-619. *See also Hawkins v. DeWine*, 968 F.3d 603, 607 (6th Cir. 2020) (same result); *Duncan v. LaRose*, No.

2:20-cv-2295, 2020 Dist. LEXIS 152715 (S.D. Ohio August 24, 2020)(same result); *c.f. Esshaki v. Whitmer,* 813 Fed. Appx. 170 (6th Cir. 2020)(The combination of Michigan's strict enforcement of its ballot access laws and its COVID 19 restrictions that made *no exemption* for First Amendment activities operated as a severe burden on the plaintiffs' ballot access.).

The COVID 19 orders that the Plaintiffs actually challenged are no longer in effect and the current COVID 19 orders continue to carve out First Amendment activities from any restrictions. Thus, Plaintiffs cannot establish with any reasonable certainty that they will face "the same actions" that would give rise to any viable legal claims. *Thompson* at 618-619; *Weinstein*, 423 U.S. 147.  Because Plaintiffs' claims are moot, and Plaintiffs cannot establish that their claims are capable of repetition yet evading review, their Complaint should be dismissed.

**C.    The Eleventh Amendment bars Plaintiffs' claim for declaratory relief.**

Finally, Plaintiffs' declaratory judgment claim is barred by the Eleventh Amendment. "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens . . . ." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quotation omitted).  The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief" brought by individuals against a State.  *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quotations omitted).  A suit against a state official in his or her official capacity is deemed a suit against the state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Such immunity applies unless a state has consented to suit or Congress has clearly expressed its intent to abrogate immunity. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).  The State of Ohio has not waived its Eleventh Amendment immunity, *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992), and Congress has not expressed its intent to abrogate it.  *See Quern v. Jordan*, 440 U.S. 332, 341-43 (1979).  *See also, Rolle v. Burnaugh*, No. 1:19-cv-821, 2020 U.S. Dist. LEXIS 89514, *6 (S.D. Ohio May 21, 2020), citing *Wolfel*, 972 F.2d at 718 (recognizing that

the Sixth Circuit has held that the State of Ohio has not waived its Eleventh Amendment immunity in a § 1983 action).

The only other exception to Eleventh Amendment immunity is found in *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), which applies when a plaintiff seeks injunctive relief against a state official for ongoing violations of federal law. *See Banas*, 742 F.2d at 284-285. However, the *Ex parte Young* exception does not apply when the plaintiff seeks relief for *past violations*. *See id.* at 287. In *Bamas*, several plaintiffs sued the Director of the Michigan Department of Social Services alleging various constitutional claims related to the Director's failure to deduct child care expenses from certain persons' incomes. *Id.* at 278-279. However, after Congress amended relevant federal law, the Director implanted various policies that were consistent with the new law and which provided for the deductions that the plaintiffs wanted. *Id.* at 279. In affirming the dismissal of the plaintiffs' claims, the Sixth Circuit found that the *Ex parte Young* exception did not apply. *Id.* at 286. Specifically, the Sixth Circuit found that, as a result of the change in federal law and the Director's compliance with those changes, plaintiffs lacked an ongoing violation of federal rights. *Id.* at 286-287. Therefore, the Director was entitled to Eleventh Amendment immunity. *Id.* at 289.

Like the plaintiffs in *Bamas*, the Plaintiffs here rely on alleged *past* violations of federal law. To be sure, their entire case is based upon the November 2020 election and the public health orders that were issued in the spring of 2020. *See generally* Complaint, Doc. 1. However, the election is over, and the challenged public health orders have long since expired. Thus, any relief would necessarily be based on past violations. As it stands, Plaintiffs fail to allege any *ongoing* violations that would trigger the *Ex parte Young* exception. Accordingly, Eleventh Amendment immunity applies, and Plaintiffs' Complaint should be dismissed. *See Bamas*, 742 F.2d at 289.

11

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)*
*Counsel of Record*
MICHAEL WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Julie.pfeiffer@ohioattorneygeneral.gov
Michael.Walton@ohioattorneygeneral.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2021, the foregoing was filed with the Court.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance.  Parties may access this filing through the Court's system.

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)
Assistant Attorney General